**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In Re: Ex Parte Application Pursuant To Section 204 Of The Federal Arbitration Act and A.R.S. § 12-1507 For An Order To Provide Documents And/Or Appear Remotely And Testify In A Foreign Arbitration Hearing . | No. MC-24-00015-PHX-DLR<br><br>**ORDER** |

At issue is Petitioner Insurance Company of British Columbia's ("ICBC") Ex Parte Application Pursuant To Section 204 Of The Federal Arbitration Act and A.R.S. § 12-1507 For An Order To Provide Documents And/Or Appear Remotely And Testify In A Foreign Arbitration Hearing (Docs. 1 and 2), ex parte motion for expedited consideration (Doc. 6), and supplemental memorandum (Doc. 8). ICBC seeks leave to issue subpoenas to Quick Silver Transportation, LLC ("Quick Silver"), and the Arizona Department of Transportation ("ADOT"), both of whom reside or are located within this District, to produce certain insurance policy coverage documents and/or appear remotely and testify via videoconference at an upcoming arbitration scheduled to take place in British Columbia, Canada, on May 22, 2024. ICBC attached copies of draft subpoenas as Exhibits A and Exhibits B to its application.

ICBC seeks leave principally under 28 U.S.C. § 1782, which provides that upon application by any interested person, the Court may order a person residing within its District to produce documents or give testimony for use in a foreign proceeding. "There

are thus three threshold requirements for compelling discovery under § 1782: (1) the person from whom discovery is sought must 'reside' or be 'found' in the district; (2) the discovery must be for use in a proceeding in a foreign tribunal; and (3) the applicant must be an 'interested person.'" *In re Godfrey*, 526 F. Supp. 2d 417, 418 (S.D.N.Y. 2007). If these requirements are met, "[t]he statute authorizes, but does not require," the district court to compel the requested discovery. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 255 (2004). In exercising its discretion to grant or deny a request under § 1782, the court considers several factors, including: (1) whether the "person from whom discovery is sought is a participant in the foreign proceeding;" (2) the nature and character of the foreign proceeding, and whether the foreign court is receptive to judicial assistance from the United States; (3) whether the request is an attempt to circumvent foreign proof-gathering restrictions; and (4) whether the discovery request is "unduly intrusive or burdensome." *Id.* at 264-66. In weighing these factors, the Court must be mindful of "the twin aims of the statute: providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistant to our courts." *In re Metallgesellschaft AG*, 121 F.3d 77, 79 (2d Cir. 1997) (internal quotations and citation omitted).

ICBC's application satisfies the three threshold requirements for relief under § 1782. Quick Silver and ADOT both reside in this District, and ICBC is an interested person because it is a party to the arbitration proceeding. ICBC seeks discovery for use in an arbitration proceeding in British Columbia, Canada. The Supreme Court recently held that "only a governmental or intergovernmental adjudicative body constitutes a 'foreign or international tribunal' under § 1782. Such bodies are those that exercise governmental authority conferred by one nation or multiple nations." *ZF Automotive US*, *Inc. v. Luxshare, Ltd.*, 596 U.S. 619, 638 (2022). Although purely private commercial arbitration panels do not fall within this definition, the Supreme Court left open the possibility that other types of arbitration panels could be covered by the statute if they sufficiently exercise governmental authority. *Id.* at 633. The Court finds such to be the case here.

The claimant in the arbitration proceeding is a Canadian citizen who was injured after being struck by a motor vehicle in Scottsdale, Arizona. British Columbia Underinsured Motorist Protection ("UMP") coverage helps cover an injured Canadian citizen's damages when an at-fault driver does not have enough insurance coverage, but the amount of recovery must be offset against any other insurance that would have been available to the injured claimant. All drivers in British Columbia must purchase minimum coverage, including UMP, from ICBC. And Canadian provincial law Regulation s.148.2(1) requires coverage disputes to be resolved either by private arbitration by consent or, in the absence of consent, by arbitration under the Arbitration Act of British Columbia through B.C. International Commercial Arbitration Centre ("BCICAC"), a non-profit entity. The arbitration at issue here is *not* a private arbitration by consent; it is an arbitration under the Arbitration Act through BCICAC. Under these circumstances, the Court finds that arbitration under the Arbitration Act through BCICAC is more akin to a governmental authority than a purely private, commercial body.

As for the discretionary factors, Quick Silver and ADOT are not parties to the foreign proceeding; there is no reason to believe the BCICAC arbitration panel would be unreceptive to judicial assistance from the United States (to the contrary, ICBC successfully obtained similar assistance from this Court during an earlier phase of this arbitration, *see* Doc. 6 in Case No. 2:23-mc-00018-PHX-SMB); there is no evidence that ICBC is attempting to circumvent foreign proof-gathering restrictions; and on their face, the proposed subpoenas do not appear unduly intrusive or burdensome. To the extent Quick Silver or ADOT feel otherwise, they may raise their objections after being served with the subpoenas.

Accordingly,

**IT IS ORDERED** that ICBC's motion for expedited consideration (Doc. 6) is **GRANTED**.

**IT IS FURTHER ORDERED** that ICBC's Ex Parte Application Pursuant To Section 204 Of The Federal Arbitration Act and A.R.S. § 12-1507 For An Order To Provide

Documents And/Or Appear Remotely And Testify In A Foreign Arbitration Hearing (Docs. 1 and 2) is **GRANTED** as follows:

1. ICBC may issue the subpoenas attached to the application as Exhibit A (the "Subpoena To Produce Documents, Information, Or Objects Or To Permit Inspection Of Premises In A Civil Action"), pursuant to the Federal Rules of Civil Procedure, and pursuant thereto require Quick Silver and ADOT to produce the requested insurance policy coverage documents on or before May 15, 2024, and that the place for production shall be at: (i) The Law offices of Evans, Dove, Nelson, Fish & Grier PLC, 2650 E. Southern Ave, Mesa, AZ 85204; or (ii) At any other location mutually agreeable to the Applicant and the subpoenaed parties.

2. ICBC is granted leave to issue the subpoenas attached to the application as Exhibit B (the "Subpoena to Appear and Testify At A Hearing Or Trial In A Civil Action"), pursuant to the Federal Rules of Civil Procedure, and pursuant thereto require Quick Silver and ADOT to appear and testify remotely as witnesses at the foreign Arbitration Hearing scheduled to take place in British Columbia, Canada, on May 22, 2024 at 10:00 a.m., and that the appearance be via videoconference from: (i) The Law offices of Evans, Dove, Nelson, Fish & Grier PLC, 2650 E. Southern Ave, Mesa, AZ 85204; or (ii) At any other location mutually agreeable to the Applicant and the subpoenaed parties.

Dated this 9th day of May, 2024.

Douglas L. Rayes
United States District Judge